UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                                              :

BOARD OF TRUSTEES OF THE LOCAL        :
295/LOCAL 851 – I.B.T. EMPLOYER GROUP :
PENSION TRUST FUND,                            :

                Plaintiff,                                :
                                                       :         06 Civ. 528 (GEL)
   -against-                                 :
                                                       :         **OPINION AND ORDER**

HAIL AIR FREIGHT, INC., et al.,              :

                Defendants.                          :
------------------------------------------------------------x

Rachel S. Paster, Cary Kane LLP, New York, NY,
for plaintiff.

GERARD E. LYNCH, District Judge:

       Plaintiff, an employee pension trust fund, brings this motion to have defendants Hail Air Freight, Inc. ("Hail"), Ava Courier & Messenger, Inc. ("Ava"), and Harbor Air Integrated Logistics, Inc., ("Harbor") (collectively, the "Companies"), and Jeffrey Wilkens, president of Hail, cited for contempt as a result of the failure of the Companies to satisfy a July 2006 default judgment against them, and the failure of both the Companies and Wilkens to provide discovery and appear for depositions in connection with that judgment.[1] Plaintiff also requests that the Court order the Companies and Wilkens to pay the attorneys' fees that plaintiff has incurred as a result of their unlawful conduct. Plaintiff's motion will be denied, with leave to renew the motion should the Companies and/or Wilkens fail to comply with the directives set out below.

---

[1] Wilkens was not a named defendant in the underlying action, and no judgment was entered against him individually.

## BACKGROUND

Because neither the Companies nor Wilkens responded to plaintiff's motion, the following facts, provided by plaintiff in its supporting documentation, will be taken as true for the purposes of this motion.

On January 24, 2006, plaintiff, an organization consisting of the trustees and fiduciaries of a multi-employer pension plan, instituted the underlying action seeking to enforce the withdrawal liability obligations of defendant Hail. The complaint was amended in March 2006 to add Ava and Harbor as parties, and to hold Ava and Harbor jointly and severally liable with Hail for the unpaid withdrawal liability, along with interest, liquidated damages, and attorneys' fees and costs thereon. (Paster Aff. ¶ 3; Pl. Exs. A, B.)

Each of the Companies failed to answer or otherwise respond to plaintiff's complaint. As a result, on June 22, 2006, plaintiff moved by Order to Show Cause for a default judgment against the Companies. (Paster Aff. ¶ 5.) On July 7, 2006, default judgment was entered against the Companies. (Id. ¶ 6; Pl. Ex. C.) The default judgment held the Companies jointly and severally liable in the amount of $47,463.08, with interest accruing thereon from the date of judgment until the judgment was paid. (Pl. Ex. C.)

Over six months later, on January 24, 2007, plaintiff served a copy of the default judgment order, along with restraining notices concerning the assets of all three companies, upon each of the Companies by certified mail. (Paster Aff. ¶ 8; Pl. Exs. D-F.) Plaintiff had previously sent restraining notices and information subpoenas to the banks with which the Companies were most likely to maintain accounts, but those notices and subpoenas failed to locate any assets of the Companies. (Paster Aff. ¶ 10.) None of the Companies responded to the notices, and only

the documents served upon Ava were claimed by the addressee. (Pl. Ex. D.)

On May 17, 2007, in a further attempt to satisfy the judgment, plaintiff served a subpoena pursuant to Fed. R. Civ. P. 45, requiring Wilkens, the sole owner of Hail, to provide documents related to Hail's assets by May 31, 2007, and to appear for a deposition on June 14, 2007. (Paster Aff. ¶ 12; Pl. Ex. G.) Wilkens was personally served with the subpoena. (Pl. Ex. G.) However, Wilkens never produced the requested documents, nor did he appear for his scheduled deposition. (Paster Aff. ¶ 13.)

Upon the failure of Wilkens to appear for his deposition or produce the requested documents, on July 11, 2007, plaintiff served information subpoenas on each of the Companies via both certified and first class mail. (Paster Aff. ¶ 12; Pl. Exs. H-J.) The subpoenas requested various information related to the Companies' assets. (Pl. Exs. H-J.) Each subpoena served by certified mail was returned to plaintiff unclaimed, but the subpoenas served by first class mail were not returned to plaintiff. (Id.) Once again, the Companies did not respond to the subpoenas.

As a result of both the Companies' failure to satisfy the default judgment, and the Companies' and Wilkens's failure to respond to plaintiff's discovery requests, on September 20, 2007, plaintiff filed a motion for civil contempt against the Companies and Wilkens. Plaintiff served the motion upon the Companies and Wilkens via certified and first-class mail. (Letter from Rachel S. Paster to the Court, dated Oct. 23, 2007, at 1.) Although the certified mail copies of the motion sent to Ava, Harbor, and Wilkens were returned unclaimed, the copy sent to Hail was signed for by Wilkens, and none of the first-class mail copies were returned to plaintiff. (Id.)

Neither the Companies nor Wilkens responded to plaintiff's motion by the return date of October 23, 2007. Accordingly, the motion is deemed fully submitted, and will be decided solely on the basis of plaintiff's submission.

**DISCUSSION**

Plaintiff moves to hold the Companies in contempt for failure to satisfy the default judgment and for failure to comply with plaintiff's discovery requests, pursuant to Federal Rule Civil Procedure 70. According to Rule 70, "[i]f a judgment directs a party to . . . deliver . . . documents or . . . to perform any other specific act and the party fails to comply within the time specific," the Court may "adjudge the party in contempt" of court. A civil contempt sanction under Rule 70 serves to "coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance." N.Y. State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1352 (2d Cir. 1989); see also id. at 1351 ("A sanction imposed to compel obedience to a lawful court order or to provide compensation to a complaining is civil."); Badegely v. Santacroce, 800 F.2d 33, 36 (2d Cir. 1986) ("The purpose of civil contempt . . . is to compel a reluctant party to do what a court requires of him."). In addition, plaintiff moves to hold Wilkens in contempt for failure to comply with the information subpoenas and deposition notice served upon him pursuant to Federal Rule of Civil Procedure 71, which provides, in relevant part, that "when obedience to an order may be lawfully enforced against a person who is not a party, that person is liable . . . to the order as if a party."

In the Second Circuit, to support a finding of contempt, a movant must establish by clear and convincing evidence that (1) the order the contemnor failed to comply with is clear and

4

unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner. See Perez v. Danbury Hosp., 347 F.3d 419, 423-424 (2d Cir. 2003); City of New York v. Local 28, Sheet Metal Workers' Int'l Assoc., 170 F.3d 279, 282-83 (2d Cir. 1999). Though the violation need not be willful, the movant seeking the contempt order must demonstrate that "the contemnor was not reasonably diligent in attempting to comply." Local 28, 170 F.3d at 282-83, quoting EEOC v. Local 638, 81 F.3d 1162, 1171 (2d Cir. 1996), in turn quoting U.S. v. Local 1804-1, 44 F.3d 1091, 1096 (2d Cir. 1995) (internal quotation marks omitted).

Plaintiff argues that "[t]he conduct of the Companies and Wilkens here demonstrates that this is a proper case for adjudging these parties in contempt." (Pl. Mem. 4.) Plaintiff argues that the Court has the authority to find the parties in contempt in order to coerce the Companies and Wilkens into compliance with plaintiff's discovery requests. (Id. 5.) In addition, plaintiff asserts that the Court may enter sanctions against the Companies and Wilkens for their contumacious conduct, and asks the Court to impose such sanctions in the form of attorneys' fees and costs "necessitated by the[se] contempt proceeding[s]" (id. 5-6, quoting Local Rule 83.9(a)), as well as those fees and costs incurred in the "pursuit of post-judgment discovery" (id. 6).

Plaintiff is correct that the Court is authorized to impose sanctions, including attorneys' fees and costs, for failure to comply with the judgment and the subpoenas. See Union Square Grill Hospitality Group, LLC v. Blue Smoke Am. Bar & Grill LLC, No. 3:06-CV-976, 2007 WL 869024, at *1 (D. Conn. Mar. 19, 2007) (imposing sanctions, including attorneys' fees and costs, for failure to satisfy a default judgment); Filmvideo Releasing Corp. v. Hastings, 517 F. Supp. 66, 68 (S.D.N.Y. 1981) (imposing sanctions, including attorneys' fees and costs, for failure to

5

produce discovery sought in relation to a prior judgment). Indeed, a "district court has broad discretion to fashion an appropriate coercive remedy in a case of civil contempt, based on the nature of the harm and the probable effect of alternative sanctions." N.A. Sales Co. v. Chapman Indus. Corp., 736 F.2d 854, 857 (2d Cir. 1984).

However, plaintiff has not met its burden for a contempt finding here. First, with respect to the Companies' failure to satisfy the default judgment, plaintiff has not shown by clear and convincing evidence that the Companies' conduct has been unreasonable to the degree necessary to support a contempt finding at this time. Although plaintiff obtained the default judgment order in July 2006, it did not serve the Companies with that order until late January 2007, more than six months after it obtained the order. Thus, the Companies received notice of the default judgment order only eight months before plaintiff filed its contempt motion. Although that is a significant amount of time, it is not yet sufficient to warrant a finding of contempt, as there is "a fair ground of doubt as to the wrongfulness" of the Companies' conduct. Panix Promotions, Ltd. v. Lewis, No. 01 Civ. 2709, 2004 WL 421937, at *7 (S.D.N.Y. Mar. 5, 2004), citing Stein Indus., Inc. v. Jarco Indus., Inc., 33 F. Supp. 2d 163, 170 (E.D.N.Y. 1999). Nor has plaintiff demonstrated that defendants' failure to pay the judgment is willful. As the record stands, there is no evidence that any of the Companies has sufficient assets to be able to pay the judgment.

Moreover, to the extent defendants have the capacity to pay, there are other ways for plaintiff to enforce the default judgment besides the "extreme remedy" of a contempt order, id., for example, through attachment of the Companies' assets. See United States v. Bracy, No. 00 CV 3252, 2004 WL 1447956, at *1 (E.D.N.Y. June 22, 2004). Thus, a contempt finding is unnecessary to ensure the Companies' compliance with the default judgment order, as other, less

"potent weapon[s]" remain at plaintiff's disposal. Panix Promotions, 2004 WL 421937, at *7.

Of course, the principal reason that evidence of defendants' financial circumstances is lacking is that neither the Companies nor Wilkens have complied with plaintiff's discovery demands. Instead, both the Companies and Wilkens have ignored those demands, even though plaintiff has established that all three companies and Wilkens have received some form of notice of the subpoenas. However, a contempt finding is not necessary at this time to "coerce" the Companies and Wilkens to comply with plaintiff's discovery demands, Terry, 886 F.2d at 1352; once again, a less "potent weapon" exists to enforce compliance with those demands. Panix Promotions, 2004 WL 421937, at *7.

The usual course of action to enforce discovery demands against a non-compliant party is for the party seeking discovery to move to compel compliance with those demands. However, rather than filing a motion to compel the Companies and Wilkens to comply with the discovery requests, plaintiff skipped that step and moved for contempt instead. While failure to comply with discovery demands or to respond to a subpoena may support a contempt finding, see Fed. R. Civ. P. 45(e), such a finding is generally appropriate only *after* the court has already entered a directive ordering such compliance. See, e.g., N.J. Sports Prods., Inc. v. Eliades, No. 06 Civ. 1509, 2007 WL 1087189, at *1 (S.D.N.Y. Apr. 11, 2007) (basing contempt determination on defendant's compliance with a prior court order compelling discovery); Filmvideo Releasing, 517 F. Supp. at 67, 68 (contempt fine contingent on plaintiff's non-compliance with discovery order). Such an order serves as "clear and convincing evidence" that a contempt finding is, not simply sufficient, but necessary to coerce the opposing party into compliance. Local 28, 170 F.3d at 282; see, e.g., Smith v. United Steelworkers of Am., Local 2693, No. Civ-86-996E, 1989

7

WL 158384, at *2 (W.D.N.Y. Dec. 28, 1989) (in deciding whether to award sanctions, a court should choose "the least severe sanction adequate to serve" the desired purpose). As plaintiff did not request, and the Court had not entered, such an order prior to the filing of this motion, neither a contempt finding nor the entry of sanctions against the Companies or Wilkens is warranted at this time.

However, although a contempt finding and sanctions are not warranted now, that does not mean that the Companies or Wilkens may continue to ignore plaintiff's discovery demands or that the Companies may disregard the default judgment order entered against them without fear of adverse consequences. Instead, the Companies and Wilkens have now been placed on notice that their failure to comply with plaintiff's discovery demands, as well as their failure to comply with any other prior or future directives of the Court, including the default judgment order, may result in a contempt finding and sanctions entered against them.

## CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for contempt is denied.

2. The Companies and Wilkens are directed to comply with plaintiff's discovery demands, including the restraining notices and information subpoenas previously served upon them, or to show cause why they should not be required to do so, by May 19, 2008.

3. Failure to comply with this Order will constitute a contempt of court, and expose the offending party to sanctions including fine and imprisonment.

4. Plaintiff is directed to serve a copy of this Opinion and Order on defendants by certified mail on or before April 18, 2008.

5. Should the Companies and/or Wilkens fail to comply with this Order, plaintiff may immediately move to hold any offending parties in contempt and seek appropriate sanctions at that time.

SO ORDERED.

Dated: New York, New York
April 15, 2007

_____
GERARD E. LYNCH
United States District Judge